Merrimack, }
Nov. 4, 1908. }

### CHANDLER & a. *v.* EASTMAN & a.

The trustees of the state library are not authorized to print at public expense a reference-index of biographical sketches, in lieu of one or more library bulletins provided for by section 9, chapter 118, Laws 1895.

Section 7, chapter 31, Laws 1893, does not authorize the publication of a subject list of books in the state library, in addition to the author list already printed thereunder.

PETITION, for *mandamus.* Facts agreed. Transferred from the October term, 1907, of the superior court by *Pike*, J.

The plaintiffs are the trustees of the state library, and the defendants constitute the public printing commission. The questions presented are: (1) Whether the manuscript for a Reference Index to Biographical Sketches of New Hampshire Men in the Books and Publications in the State Library may be published for and in the place of one or more library bulletins, under section 9, chapter 118, Laws 1895; and (2) whether the manuscript for a Subject List Catalogue of the state library may be printed under section 7, chapter 31, Laws 1893, an Author List Catalogue having been published thereunder in 1904. If either of these questions is decided in the affirmative, the writ is to issue; otherwise not.

*James F. Brennan,* for the plaintiffs.

*Edwin G. Eastman,* attorney-general, for the defendants.

WALKER, J. The first question presented by the case is whether the Reference Index, if printed, would constitute a library bulletin which the statute authorizes the trustees to prepare and to have printed at the public expense. "All printing, binding, and blank-book making required by the several departments of the state government and paid for out of the state treasury shall be termed public printing for the purposes of this act. All of the public printing shall be ordered by the public printing commission, and no other party or parties shall have authority to contract for said public printing in the name of the state of New Hampshire." Laws 1901, *c.* 84, *s.* 2. The board of trustees of the state library having all "the powers and duties" formerly "by law made incumbent upon the board of library commissioners" (Laws 1903, *c.* 6, *s.* 2), it is their duty "at least twice in each year" to "issue a library bulletin, which shall contain recommendations as to the best methods to be employed in library work, together with notes on library progress, and such other matters of general information relating to library work as they may deem proper." Laws 1895, *c.* 118, *s.* 9. It cannot be doubted that it has been the established policy of the state for many years to promote and encourage the establishment and maintenance of free public libraries; and in order to more effectually carry out this purpose, the duty of distributing bulletins of information upon the subject of library management among the town libraries was imposed upon the trustees of the state library. To accomplish the best results, such information is manifestly of prime importance, and this consideration cannot be disregarded in deciding the question of the legislative intention in authorizing the publication of library bulletins. But while the trustees have a wide discretion in determining what information relating to library work it is desirable to print in the bulletin, their authority in a given case is bounded by a reasonable construction of the legislative purpose. To label a document a " bulletin " does not necessarily give it that character.

Was it within the purpose of the legislature, ascertained from all the competent evidence, to authorize the printing and distribution of "a Reference Index to Biographical Sketches of New Hampshire Men Contained in the Books and Publications in said State Library," under the general designation of a library bulletin? It is evident that such a publication would not contain " recommendations as to the best methods to be employed in library work," or " notes on library progress." It would be merely a list of names, or a special catalogue. The principal or determining characteristic of a bulletin, as prescribed by the legislature, is its capacity to furnish useful advice upon matters pertaining to the successful conduct of town libraries. The proposed index does

not fulfil this requirement. It advises nothing; it recommends nothing; it is merely an extended list of names, which would doubtless be of great convenience to librarians in their search for biographical sketches of New Hampshire men, but which does not constitute a library bulletin within the evident intention of the statute. If further evidence in support of this conclusion were required, it might be found in the fact that the index as prepared would make more than a hundred pages of printed matter. It would be an extensive compilation. It cannot be inferred that the statutory authorization included such lists, catalogues, or dictionaries as the trustees might think would be useful to librarians, without regard to their size and extent. A complete catalogue of the books in the state library might be of material assistance in local library work throughout the state; but it would be difficult to justify a construction of the statute that such a catalogue might properly be called a bulletin. The intention was to provide for the publication, not of large books, but of small pamphlets; not of extensive indexes, but of recommendations and facts relating to library work stated with reasonable brevity and conciseness. As the proposed Reference Index is intended by the trustees to take the place of several bulletins which would otherwise be issued during the space of a year or more, and as it does not answer the reasonable requirements of a bulletin, its publication at public expense is not authorized by section 9, chapter 118, Laws 1895. Its publication would not be a substantial compliance with the statute.

The second question is whether the Author List of the state library constitutes the catalogue which the trustees were authorized to publish by section 7, chapter 31, Laws 1893; that is, whether the Author List, consisting of two large volumes aggregating over 1,600 pages, printed in 1904, is the "catalogue of books" which that statute authorized to be printed, or whether it is only an incomplete catalogue which may now be completed by the publication of an extensive Subject List. The statute referred to provides that "the trustees of the state library are authorized to cause the present system of entry of accessions by classes to be omitted from the report of the librarian, and an alphabetical catalogue of books received for the period covered by each report to be regularly substituted therefor, so far as such books or pamphlets have been entered in the official catalogue; provided, that a catalogue of books shall be first made and printed." If the Author List does not constitute the catalogue which the legislature of 1893 intended to authorize, it is contended by the plaintiffs that authority remains under the statute for the publication of the Subject List, in order to complete the authorized catalogue.

No suggestion is made that the printed volumes are not a complete catalogue of the books "in the miscellaneous department of the library on June 1, 1902," as announced therein, or that they were not intended to be a complete list thereof arranged substantially according to the authors' names. To one not versed in the technicalities of library work, this printed list would seem to be a catalogue. If it is not as comprehensive and exhaustive as it might be, it is at least complete in itself. If a library catalogue is not completed until the books have been listed upon all useful theories of arrangement and classification known to bibliographers, it would be rash to assume that the legislature, which is not made up of men having the technical learning of librarians, meant when they used the word "catalogue," a work of several volumes which should unite several distinct theories of arrangement, so that each book would be indexed in as many different volumes as there were theories. Such an understanding evidently was not entertained by the legislature of 1893. The legislative purpose was to authorize the compilation of a catalogue of the books in the state library, upon some reasonably convenient plan to be determined by the trustees; and not to empower the trustees to publish several extended lists of books, which together might be deemed by some people to constitute one complete catalogue. When the Author List was published, no statutory authority remained for the compilation of another catalogue, however useful and desirable it might be. Thereupon it was provided that the accessions to the library should furnish material for supplements to the catalogue, which have since been published. In this way the Author List has been treated by the trustees as the statutory catalogue, in consonance, as it seems to us, with the legislative purpose. The statute furnishes no authority for the printing of the manuscript of the Subject List.

*Petition denied.*

All concurred.